## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARRY HUDDLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CITY OF ALTON, ILLINOIS, | ) | |
| | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DAVID HAYES, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALTON MEMORIAL HOSPITAL, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHAN JANUARY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDREW PIERSON, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MATTHEW M. WRIGHT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE 1, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

1

## COMPLAINT

## INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against the City of Alton, Illinois (City), Stephan January (January), Andrew Pierson (Pierson), Mathew Wright (Wright), John Doe 1 (Doe 1), and John Doe 2 (Doe 2), for committing acts under color of law which deprived Plaintiff of rights secured under the Constitution and laws of the United States. Plaintiff alleges that Defendants January, Pierson, Wright, Doe 1, and Doe 2, unlawfully assaulted and battered Plaintiff, or failed to intervene and protect Plaintiff from the unlawful assault and battery perpetrated in violation of Plaintiff's constitutional rights. Plaintiff further alleges that Defendant Alton Memorial Hospital and Defendants January, Pierson, Wright, Doe 1, and Doe 2, perpetrated acts against Plaintiff in violation of Illinois State law.

## JURISDICTION STATEMENT

2. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 U.S.C. Section 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under Illinois State law, pursuant to 28 U.S.C. Section 1367.

## PARTIES

3. At all times referred to herein, Plaintiff Harry Huddleston was a citizen and resident of the State of Illinois, and the United States of America.

4. At all times referred to herein, Defendant City of Alton, Illinois was a municipality pursuant to the laws of the State of Illinois.

5. David Hayes (Hayes or Chief Hayes) is the Chief of Police of the Alton Police Department. At all times herein Defendant Hayes acted under color of law. Defendant Hayes is sued in his official capacity only.

6. At all times referred to herein, Defendant Stephen January is a police officer for the City of Alton, Illinois. At all times referred to herein, Defendant January acted under color of law. Defendant January is sued in his individual capacity.

7. At all times referred to herein, Defendant Andrew Pierson is a Police Officer for the City of Alton, Illinois. At all times referred to herein, Defendant Pierson acted under color of law. Defendant Pierson is sued in his individual capacity.

8. At all times referred to herein, Defendant Matthew Wright was a Security Officer employed by Defendant Alton Memorial Hospital.

9. Upon information and belief, at all times referred to herein, Defendant John Doe 1 was employed by Defendant Alton Memorial Hospital.

10. Upon information and belief, at all times referred to herein Defendant John Doe 2 was an ambulance crew person.

## FACTS

11. On or about December 9, 2008, Plaintiff's wife died at Alton Memorial Hospital.

12. Moments after learning of her death, Plaintiff was unlawfully battered, physically restrained, and forced to the floor by Alton Memorial Hospital employees, and one or more of Defendants, January, Pierson, and Wright.

13. While Plaintiff was held to the floor, he was subjected to electrical shocks from a Taser by one or more of Defendants January, Pierson, Wright, Doe 1, and/or Doe 2.

14. Plaintiff was handcuffed and transported to the Alton Police Department, where he was placed in a holding cell.

15. Plaintiff was charged with Disorderly Conduct pursuant to 720 ILCS 5.0/26-1-A-1.

16. The use of any force against Plaintiff was unnecessary and excessive.

17. All criminal charges against Plaintiff have been dismissed.

18. Upon information and belief, Defendant Alton Memorial Hospital has identified and is in possession of the actual identities of both Defendants Doe 1 and Doe 2.

## CAUSES OF ACTION

## COUNT I

### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS JANUARY, PIERSON, WRIGHT, DOE 1, AND DOE 2, COGNIZABLE PURSUANT TO 42 U.S.C. §1983

For his cause of action against Defendants January, Pierson, Wright, Doe 1 and Doe 2 in Count I, Plaintiff states:

19. By this reference, Plaintiff incorporates paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Defendants January, Pierson, Wright, Doe 1 and Doe 2 acting alone and together, and in concert, did arrest, assault, batter, kick, hit and administer an electrical shock from a Taser on Plaintiff, and otherwise brutalize Plaintiff as

4

aforedescribed, or failed to prevent the unlawful acts of each other when each had the opportunity to do so.

21. As a direct and proximate result of the aforedescribed excessive force by Defendants January, Pierson, Wright, Doe 1 and Doe 2, Plaintiff suffered grievous bodily harm and was deprived of his right to be free from unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

22. As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendants January, Pierson, Wright, Doe 1, and Doe 2, as aforedescribed, Plaintiff suffered permanent injuries, bruising, burns, and pain. Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of Defendants January, Pierson, Wright, Doe 1, and Doe 2 caused Plaintiff to be fearful for his life and great fear for his safety. Plaintiff has suffered pain of the mind as well as of the body and fear, apprehension, depression and consternation, and suffered damages in connection with the deprivation of his constitutional rights.

23. The acts of Defendants January, Pierson, Wright, Doe 1 and Doe 2, as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants January, Pierson, Wright, Doe 1 and Doe 2.

24. Additionally, Plaintiff suffered, and continues to suffer, special damages in the form of medical expenses and will into the future, in an amount that cannot yet be determined.

25. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants January, Pierson, Wright, Doe 1 and Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### UNLAWFUL SEIZURE BY ARREST AND DETENTION BY DEFENDANTS JANUARY, PIERSON, WRIGHT, DOE 1, AND DOE 2, COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants January, Pierson, Wright, Doe 1 and Doe 2 in Count II, Plaintiff states:

26. By this reference, Plaintiff incorporates paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Defendants January, Pierson, Wright, Doe 1 and Doe 2 maliciously, and without reasonable grounds or probable cause, arrested and detained Plaintiff.

28. The arrest and detention were in violation of the Plaintiff's right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

29. As a direct and proximate result of the arrest and detention of Plaintiff as aforedescribed, Plaintiff suffered permanent injuries, severe bruising, burns, and pain. Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of Defendants January, Pierson, Wright, Doe 1, and Doe 2

caused Plaintiff to be fearful for his life and great fear for his safety. Plaintiff has suffered pain of the mind as well as of the body and fear, apprehension, depression and consternation and suffered damages in connection with the deprivation of his constitutional rights.

30. The acts of Defendants January, Pierson, Wright, Doe 1 and Doe 2, as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants January, Pierson, Wright, Doe 1 and Doe 2.

31. Additionally, Plaintiff suffered, and continues to suffer, special damages in the form of medical expenses additional special damages, and will into the future, in an amount that cannot yet be determined.

32. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants January, Pierson, Wright, Doe 1 and Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT III

### FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST THE CITY OF ALTON, ILLINOIS AND CHIEF HAYES COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant City of Alton and Chief Hayes in Count III, Plaintiff states:

33. By this reference, Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34. Defendant City of Alton, Illinois, and Chief Hayes caused the constitutional violations suffered by Plaintiff by their deliberate indifference to the rights of the citizenry with whom the Alton Police come in contact.

35. Defendant City of Alton, Illinois has and had a custom and/or practice of unlawfully using excessive force against citizens.

36. Defendant City of Alton, Illinois has failed to effectively screen, train, supervise, discipline, and/or control the people it employs as police officers.

37. Additionally, Plaintiff has suffered, and continues to suffer, special damages in the form of medical expenses additional special damages, and will into the future, in an amount that cannot yet be determined.

38. There exists within the Alton Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the department, that caused the constitutional deprivations of the Plaintiff as has been more fully set forth herein.

39. Chief Hayes is the commander highest ranking police officer in the department. Chief Hayes is delegated the power and authority to control to conduct of the officers of the Alton Police Department, and failed and refused to properly train, to control, to discipline and to otherwise control the conduct of the officers of the Alton Police Department.

40. Upon information and belief, Chief Hayes is the policymaker for the police department and his failure to act affirmatively in the face of transgressions about

which he knows or should know, establishes the policy of the Alton Police Department to condone and otherwise tolerate constitutionally violative conduct in general and specifically the constitutionally violative conduct alleged in this complaint. Had Chief Hayes or the City, or both of them, acted affirmatively to properly train the officers of the Alton Police Department, or properly supervise them, or to discipline the officers when they conducted themselves in constitutionally violative ways, the constitutional deprivation perpetrated against Plaintiff would not have occurred.

41. Upon information and belief, Chief Hayes and Defendant City are aware, or should be aware, of the custom and practice(s) of improperly using force and excessive force, of issuing cover charges to conceal or to otherwise justify the excessive use of force, and of officers lying about the facts to support fellow officers, and have failed to act to prevent such customs and practices.

42. In their failures as aforedescribed, the City and Chief Hayes intentionally disregarded known facts, or alternatively were deliberately indifferent to a risk of the constitutional violation of which they knew or should have known. As such, they ratified the misconduct and the policies, customs, and practices aforedescribed, and their culpability caused the constitutional violation of the Plaintiff.

43. As a direct and proximate result of the aforedescribed failures, Plaintiff suffered grievous bodily harm and was deprived of his right to be free from unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

44. As a direct and proximate result of the failure to train, supervise, and control the officers of the Alton Police Department, Plaintiff suffered permanent injuries, bruising, burns, and pain. Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of Defendants January, Pierson, Wright, Doe 1, and Doe 2 caused Plaintiff to be fearful for his life and great fear for his safety. Plaintiff has suffered pain of the mind as well as of the body and fear, apprehension, depression and consternation, and suffered damages in connection with the deprivation of his constitutional rights.

45. Additionally, Plaintiff suffered, and continues to suffer, special damages in the form of medical expenses additional special damages, and will into the future, in an amount that cannot yet be determined.

46. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Alton Illinois, and Chief Hayes, for compensatory damages in an amount that is fair and reasonable, attorneys' fees, the costs of this litigation, and for other relief as the Court deems fair and appropriate.

## COUNT IV

## ASSAULT AND BATTERY BY DEFENDANTS JANUARY, PIERSON, WRIGHT, DOE 1, AND DOE 2, COGNIZABLE UNDER ILLINOIS STATE LAW

For his cause of action against Defendants January, Pierson, Wright, Doe 1 and Doe 2, in Count IV, Plaintiff states:

47. By this reference, Plaintiff paragraphs 1 through 46 as though fully set forth herein.

48. The acts of Defendants January, Pierson, Wright, Doe 1 and Doe 2, as aforedescribed were committed without just cause or provocation and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

49. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants January, Pierson, Wright, Doe 1 and Doe 2, as aforedescribed, Plaintiff suffered severe and permanent injuries, bruises, and burns. Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of Defendants January, Pierson, Wright, Doe 1 and Doe 2, caused Plaintiff to be fearful for his life. The injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.

50. Additionally, Plaintiff suffered special damages in the form of medical expenses and continues to suffer additional special damages, and will into the future, in an amount that cannot yet be determined.

51. The acts of Defendants as aforedescribed were wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants January, Pierson, Wright, Doe 1 and Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this

action, and such other relief as the Court deems fair and appropriate under the circumstances.

## **COUNT V**

### **FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANTS JANUARY, PIERSON, AND WRIGHT, COGNIZABLE UNDER ILLINOIS STATE LAW**

For his cause of action against Defendants January, Pierson, and Wright, in Count V, Plaintiff states:

52. By this reference, Plaintiff incorporates paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Defendants January, Pierson, and Wright, at such times as previously set forth herein, intentionally arrested, detained, and restrained Plaintiff against his will without probable cause to believe that Plaintiff had committed any crime, or caused the arrest, detention , and restraint of Plaintiff against his will without probable cause to believe that Plaintiff had committed any crime

54. The conduct of Defendants January, Pierson, and Wright, in causing or exercising dominion and control over the freedom of Plaintiff, resulted in an intentional restraint of Plaintiff against his will.

55. As a direct and proximate result of Defendants January, Pierson, and Wright's, arrest and detention of Plaintiff as aforedescribed, Plaintiff suffered damages to his reputation and emotional well-being through the unlawful and malicious arrest and detention of his person by Defendants.

56. Additionally, Plaintiff suffered special damages in the form of medical expenses and continues to suffer additional special damages, and will into the future, in an amount that cannot yet be determined.

57. The conduct of Defendants January, Pierson and Wright as aforedescribed was outrageous because of their evil motive and or reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants January, Pierson and Wright for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

## LIABILITY OF ALTON MEMORIAL HOSPITAL FOR THE CONDUCT OF DEFENDANTS WRIGHT, DOE 1, AND DOE 2, COGNIZABLE UNDER ILLINOIS STATE LAW

For his cause of action against Defendant Alton Memorial Hospital in Count VI, Plaintiff states:

58. By this reference, Plaintiff incorporates paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. The acts of Defendants Wright, Doe 1, and Doe 2, as aforedescribed were committed without just cause or provocation. Defendants acted with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery

against Plaintiff, and to arrest, detain, and restrain Plaintiff against his will without probable cause to believe that Plaintiff had committed any crime.

60. Defendants Wright, Doe 1, and Doe 2, were each acting within the scope of their employment by Alton Memorial Hospital.

61. Defendant Alton Memorial Hospital is vicariously liable for the acts of Defendants Wright, Doe 1, and Doe 2, pursuant to the doctrine of *Respondeat Superior.*

62. As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendants Wright, Doe 1, and Doe 2, as aforedescribed, Plaintiff suffered severe and permanent injuries, bruises, and burns. Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of Defendants January, Pierson, Wright, Doe 1, and Doe 2, caused Plaintiff to be fearful for his life. The injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.

63. Additionally, Plaintiff suffered special damages in the form of medical expenses and continues to suffer additional special damages, and will into the future, in an amount that cannot yet be determined.

WHEREFORE, Plaintiff prays for judgment against Alton Memorial Hospital for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

       Respectfully submitted,
       RYALS & BREED
       *A Professional Corporation*


By: */s/ Stephen M. Ryals*

       Stephen Ryals # MBE 34149,
          FedARN. 10602
       3120 Locust St.
       St. Louis, MO 63103
       (314) 862-6262
       (314) 880-2027 FAX
       E-Mail: Ryals@rblawstl.com

       *Attorney for Plaintiff*