IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARRY HUDDLESTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10-995-JPG-DGW |
| CITY OF ALTON, ILLINOIS; ALTON MEMORIAL HOSPITAL; STEPHEN JANUARY; ANDREW PIERSON; MATTHEW W. WRIGHT; and ALAN WILLIAMSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY**

Now come the defendants, CITY OF ALTON, ILLINOIS; STEPHEN JANUARY; and ANDREW PIERSON, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Reply in Support of Defendants' Motion to Exclude Expert Opinions and Testimony, state as follows:

1. Plaintiff has filed a response to defendants' *Daubert* Motion ignoring the issues and relying on irrelevant arguments regarding liability. The sole issue raised by the *Daubert* motion is the plaintiff's ability to causally link his taser exposure to any type of harm. Plaintiff thus far has failed to produce any competent evidence of that causal link.

2. The plaintiff argues that these two doctors are not experts, but simply fact witnesses. His analysis is flawed. Although plaintiff is correct that as treating physicians they are not required to provide an expert report, their testimony must still meet the *Daubert* requirements. This is not a question of credibility but a question of admissibility.

3. In plaintiff response, he cites to two unverified exhibits which have no foundation

nor can they bridge this chasm between these physicians' testimony and causation. First, there is no evidence that any of these doctors have reviewed or relied on any of this data which is evident from their depositions which had been previously supplied to the court. Second, the plaintiff cannot establish a causal medical link simply by virtue of a product warning label. Although Taser data may indicate that a taser "can produce various side effects" the plaintiff has not produced any competent evidence indicating that it <u>did</u> produce those side effects in this case. Simply saying that electricity can cause injury is like saying that falling can cause death. While falling from a twenty story building might be fatal, falling off a curb is likely not. Plaintiff cannot simply throw unsupported theories before the jury and allow a jury to speculate on causation. As noted in defendants' original motion, and conceded by the physicians, the effect of the tasers will vary based on the type and duration of the application. Taking sound bites out of context from Taser's product data will not carry the day. Plaintiff indicates that "he intends to offer evidence that taser shock can induce and cause elevated (CK) levels at trial." (Doc. #41, page 6). No such expert testimony has been disclosed nor can any of these witnesses competently testify thereto.

4.  Without question the plaintiff was subjected to a taser application. There is a complete absence of any competent testimony however to show that he suffered any medical injury as a result of that. This is a classic case where *Daubert* requires the barring of such speculative evidence and testimony.

WHEREFORE, the defendants, CITY OF ALTON, ILLINOIS; STEPHEN JANUARY; and ANDREW PIERSON, pray that this Court enter an order:

a) Excluding the opinions and testimony of Dr. Sadiq Mohyuddin;

b) Excluding the opinions and testimony of Dr. Rama Gondi;

c) Excluding any other physicians or lay personnel from testifying as to any alleged correlation between the plaintiff having been tased and any medical condition without first holding a hearing outside the presence of jury at which time the plaintiff must establish adequate foundation to satisfy the *Daubert* requirements.

> Respectfully Submitted,
>
> By: s/Charles A. Pierce
> PIERCE LAW FIRM, P.C.
> #3 Executive Woods Court, Suite 200
> Belleville, IL 62226
> Phone: 618-277-5599
> Fax: 618-239-6080
> E-mail: cpierce@piercelawpc.com
> Attorney Bar # 06208106

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2011 I electronically filed DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY on behalf of the defendants, CITY OF ALTON, STEPHEN JANUARY and ANDREW PIERSON, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. Stephen Ryals
Mr. John Bruzek
The Ryals Law Firm, P.C.
3120 Locust Street
St. Louis, MO 63103

> Respectfully submitted,
>
> s/CHARLES A. PIERCE
> Pierce Law Firm, P.C.
> #3 Executive Woods Court, Suite 200
> Belleville, IL 62226
> Phone: (618) 277-5599
> Fax: (618) 239-6080
> E-mail: cpierce@piercelawpc.com
> Attorney Bar Number # 06208106