THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| HARRY HUDDLESTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CV-00995-JPG-DGW |
| CITY OF ALTON IL, et al.. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE**

COMES NOW Plaintiff Harry Huddleston, by and through counsel, and in Response to defendants' Motion in Limine (Document No. 67) and for his Response states as follows:

Defendant has filed a motion to exclude certain testimony. This is a rehash of a Motion in Limine which was filed earlier (Document No. 39) and, on this issue, was denied by Judge Gilbert.

In Document No. 39 defendants filed a *Daubert* motion to exclude the expert testimony of Dr. Mohyuddin and Dr. Gandi. Now, in Document No. 67 defendants attempt again to categorize Dr. Mohyuddin and Dr. Gandi as expert witnesses when they are strictly fact witnesses. Defendants' *Daubert* motion was denied by Judge Gilbert because they are not expert witnesses and are fact witnesses, treating physicians, not witnesses who were retained for the purpose of expert testimony as required by Rule 702.

Defendants correctly assert that Judge Gilbert denied in part and reserved ruling. What defendants failed to state is that Judge Gilbert denied that motion in regard to the testimony of the doctors being expert testimony because plaintiff designated Dr. Mohyuddin and Dr. Gandi as fact witness, not expert witnesses. It is the undersigned's

1

recollection, without the benefit of a transcript, that the Court found that *Daubert* is not applicable to these fact witnesses.

The Federal Rules of Civil Procedure recognize that witnesses have The Federal Rules of Civil Procedure divide potential witnesses into three groups. The first group consists of fact witnesses like Dr. Mohyuddin and Dr. Gondi; The second group consists of experts who have been retained to provide expert testimony; and the third group consists of experts who are specially employed to provide expert testimony. Only the second and third groups are required to provide an expert report. *Musser v. Gentiva Health Services*, 356 F.3d 751, 756-57 (7th Cir. 2004). As such the defendants' Motion in Limine should be denied because Dr. Mohyuddin and Dr. Gondi are fact witnesses, not expert witnesses. Defendants' counsel deposed these doctors as expert witnesses at his own peril. Defendants' counsel is now trying to deny plaintiff the testimony of these treating physicians, fact witnesses, at trial based upon the expert-like testimony and opinions he elicited from them at deposition. Additionally, Judge Gilbert has already on this issue and reserved ruling on the admissibility of the facts for trial.

WHEREFORE, the plaintiff prays that this Court deny defendants' Motion in Limine, yet again, and for such other relief as this Court deems equitable and proper.

Respectfully submitted this 24th day of September, 2012.

                                              **THE RYALS LAW FIRM, P.C.**

                                              By: */s/ John W. Bruzek*
John W. Bruzek #5203567
3120 Locust Street
St. Louis, MO 63103
(314) 862-6262
Fax: (314) 880-2027
E-Mail: bruzek@rblawstl.com
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was delivered to each counsel of record using the Clerks CM/ECF system this 24th day of September, 2012.


Chuck Pierce
*Attorney for Defendants*

                                              */s/: John W. Bruzek*
John W. Bruzek